# EXHIBIT A

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

JAVON WILLIS,

    Plaintiff,

v.

FARMINGTON HIGH SCHOOL,
FARMINGTON PUBLIC SCHOOLS,
FARMINGTON PUBLIC SCHOOLS
BOARD OF EDUCATION, THOMAS
SHELTON, CHRISTINE MEUSSNER,
JON MANIER, JASON ALBRECHT,
JOHN DOE 1, JOHN DOE 2, and
JOHN DOE 3,

    Defendants.

Case No. 25-    -NO
Hon.

_____/

NATHAN DODSON (P68560)
*DODSON FOWLER WILLIAMS & NESI, PLC*
Attorneys for Plaintiff
18050 Mack Avenue
Grosse Pointe, MI 48230
(313) 458-8276 /(313) 469-7085 [Fax]
ndodson@dfwnlaw.com

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

**THE PARTIES, JURISDICTION AND VENUE**

1.  That Plaintiff, JAVON WILLIS, is a resident of the City of Oak Park, County of Oakland, State of Michigan.

25-015462-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   10/2/2025 3:59 PM   Jacquetta Parkinson

DFWN PLC
DODSON FOWLER WILLIAMS & NESI

**DODSON FOWLER WILLIAMS & NESI, PLC**

*Main Office*

18050 Mack Ave.
Grosse Pointe, MI
48230

(313) 458-8276
(313) 469-7085 (Fax)

*Village Office*

722 Notre Dame
Grosse Pointe, MI
48230

(313) 886-5769
(313) 886-5851 (Fax)

dfwnplc.com

**Attorneys**

Nathan A. Dodson, Esq.
Aimee M. Fowler, Esq.
Daniel J. Williams, Esq.
Christopher J. Nesi, Esq.
Michael Wightman, Esq.

RECEIVED

2. That Defendant, FARMINGTON HIGH SCHOOL (hereinafter "Defendant HIGH SCHOOL"), is a public high school organized and existing under the laws of the State of Michigan, and does business in the City of Farmington, County of Wayne, and State of Michigan.

3. That Defendant, FARMINGTON PUBLIC SCHOOLS (hereinafter "Defendant PUBLIC SCHOOLS"), is a public school district organized and existing under the laws of the State of Michigan, and does business in the City of Farmington, County of Wayne, and State of Michigan.

4. That Defendant, FARMINGTON PUBLIC SCHOOLS BOARD OF EDUCATION (hereinafter "Defendant BOARD OF EDUCATION"), governs Defendant PUBLIC SCHOOLS and Defendant HIGH SCHOOL, and does business in the City of Farmington, County of Wayne, and State of Michigan.

5. That upon information and belief, Defendant THOMAS SHELTON (hereinafter "Defendant SHELTON"), is a resident of the County of Oakland, State of Michigan.

6. That upon information and belief, Defendant CHRISTINE MEUSSNER (hereinafter "Defendant MEUSSNER"), is a resident of the County of Oakland, State of Michigan.

7. That upon information and belief, Defendant JON MANIER (hereinafter "Defendant MANIER"), is a resident of the County of Oakland, State of Michigan.

8. That upon information and belief, Defendant JASON ALBRECHT (hereinafter "Defendant ALBRETCH"), is a resident of the County of Oakland, State of Michigan.

9. That during the substantial part of the events or omissions giving rise to these claims, Defendant JOHN DOE 1 was a resident of the County of Oakland, State of Michigan.

10. That during the substantial part of the events or omissions giving rise to these claims, Defendant JOHN DOE 2 was a resident of the County of Oakland, State of Michigan.

11. That during the substantial part of the events or omissions giving rise to these claims, Defendant JOHN DOE 3 was a resident of the County of Oakland, State of Michigan.

12. That Venue is proper as the substantial part of the events or omissions giving rise to these claims occurred in County of Oakland, the Plaintiff resides in the County of Oakland, and all Defendants are believed to reside or do business in the County of Oakland.

13. That the amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees, and is otherwise within the jurisdiction of this Honorable Court.

## COMMON ALLEGATIONS

14. Plaintiff incorporates by reference paragraphs 1 through 13 as if fully stated herein.

15. That Plaintiff was a student at Defendant HIGH SCHOOL between 2021 and 2025 and was a member of the football team.

16. That on September 14, 2021, Plaintiff was lawfully on the premises of Defendant HIGH SCHOOL located at 32000 Shiawassee, City of Farmington, County of Oakland, State of Michigan.

17. That on that date, Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 bullied, harassed, assaulted and battered Plaintiff by, among other things, simulating sexual acts upon him.

18. That Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 recorded their actions described above on electronic cellular devices and later disseminated the video/images.

19. That during the substantial part of the events or omissions giving rise to these claims, Plaintiff was a minor.

20. That during the substantial part of the events or omissions giving rise to these claims, Defendant SHELTON was the Principal of Defendant HIGH SCHOOL.

3

21. That Defendant SHELTON'S actions and omissions were in furtherance of his job duties for Defendant HIGH SCHOOL.

22. That during the substantial part of the events or omissions giving rise to these claims, Defendant MEUSSER was the Assistant Principal of Defendant HIGH SCHOOL.

23. That Defendant MEUSSER'S actions and omissions were in furtherance of her job duties for Defendant HIGH SCHOOL.

24. That during the substantial part of the events or omissions giving rise to these claims, Defendant MANIER was the Athletic Director of Defendant HIGH SCHOOL.

25. That Defendant MANIER'S actions and omissions were in furtherance of his job duties for Defendant HIGH SCHOOL.

26. That during the substantial part of the events or omissions giving rise to these claims, Defendant ALBRECHT was a football coach at Defendant HIGH SCHOOL.

27. That Defendant ALBRECHT'S actions and omissions were in furtherance of his job duties for Defendant HIGH SCHOOL.

28. That Defendant JOHN DOE 1 was a student at Defendant HIGH SCHOOL during the substantial part of the events or omissions giving rise to these claims and was a member of the football team.

29. That during the substantial part of the events or omissions giving rise to these claims, Defendant JOHN DOE 1 was a minor.

30. That Defendant JOHN DOE 2 was a student at Defendant HIGH SCHOOL during the substantial part of the events or omissions giving rise to these claims and was a member of the football team.

31. That during the substantial part of the events or omissions giving rise to these claims, Defendant JOHN DOE 2 was a minor.

32. That Defendant JOHN DOE 3 was a student at Defendant HIGH SCHOOL during the substantial part of the events or omissions giving rise to these claims and was a member of the football team.

33. That during the substantial part of the events or omissions giving rise to these claims, Defendant JOHN DOE 3 was a minor.

34. That Defendant BOARD OF EDUCATION had a responsibility and duty to ensure that Defendant PUBLIC SCHOOLS and Defendant HIGH SCHOOL operate with integrity and care for the students and others, including this Plaintiff.

35. That Defendant BOARD OF EDUCATION is also responsible for overseeing Defendant PUBLIC SCHOOLS and Defendant HIGH SCHOOL'S operations and policy, including those related to student health and safety.

36. That Defendant BOARD OF EDUCATION failed in that duty by failing to consider, implement, or follow a policy or stated law to oversee how or whether the school conducted its operations in a manner that would have in any manner monitored, supervised, and ensured the health and safety of its students, including this Plaintiff.

37. That Defendant BOARD OF EDUCATION also failed in that duty by failing to take any action much less consider means by which to prevent the harm caused to Plaintiff and others as alleged in this Complaint.

38. That Defendant BOARD OF EDUCATION was supposed to, but failed, to establish anti-bullying policies, so that students, like Plaintiff, were protected from such harm.

39. That Defendant BOARD OF EDUCATION recklessly failed to ensure harmful and sensitive media and information of and pertaining to students, like this Plaintiff, was not disseminated to others and causing injury.



5

40. That Defendant PUBLIC SCHOOLS itself had all the same duties as Defendant BOARD OF EDUCATION.

41. That Defendant PUBLIC SCHOOLS itself breached all of the same duties and in the same and/or similar manners as Defendant BOARD OF EDUCATION.

42. That Defendant HIGH SCHOOL itself had all the same duties as Defendant BOARD OF EDUCATION.

43. That Defendant HIGH SCHOOL itself breached all of the same duties and in the same and/or similar manners as Defendant BOARD OF EDUCATION.

44. That the non-individual Defendants failed to review the individual Defendants' activities, failed to supervise their activities, failed to review their retention in a prudent manner, and failed to ensure their work duties were being undertaken and completed with respect for student safety and wellbeing.

45. That because the non-individual Defendants negligently and recklessly failed to exercise any control over the individual Defendants, in furtherance of performance of their job duties, Plaintiff was successfully targeted and injured by Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3.

46. That Defendant BOARD OF EDUCATION took no reasonable actions to prevent Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 from harming Plaintiff.

47. That Defendant PUBLIC SCHOOLS took no reasonable actions to prevent Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 from harming Plaintiff.

48. That Defendant HIGH SCHOOL took no reasonable actions to prevent Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 from harming Plaintiff.

49. That Defendant SHELTON took no reasonable actions to prevent Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 from harming Plaintiff.

6

50. That Defendant MEUSSER took no reasonable actions to prevent Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 from harming Plaintiff.

51. That Defendant MANIER took no reasonable actions to prevent Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 from harming Plaintiff.

52. That Defendant ALBRETCH took no reasonable actions to prevent Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 from harming Plaintiff.

53. That Defendant BOARD OF EDUCATION has taken no action to remedy the various harms to Plaintiff that it permitted to occur.

54. That Defendant PUBLIC SCHOOLS has taken no action to remedy the various harms to Plaintiff that it permitted to occur.

55. That Defendant HIGH SCHOOL has taken no action to remedy the various harms to Plaintiff that it permitted to occur.

56. That Defendant SHELTON has taken no action to remedy the various harms to Plaintiff that it permitted to occur.

57. That Defendant MEUSSER has taken no action to remedy the various harms to Plaintiff that it permitted to occur.

58. That Defendant MANIER has taken no action to remedy the various harms to Plaintiff that it permitted to occur.

59. That Defendant ALBRETCH has taken no action to remedy the various harms to Plaintiff that it permitted to occur.

60. That Defendant BOARD OF EDUCATION has taken no appropriate disciplinary action against JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 for the various harms they caused to Plaintiff.



61. That Defendant PUBLIC SCHOOLS has taken no appropriate disciplinary action against JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 for the various harms they caused to Plaintiff.

62. That Defendant HIGH SCHOOL has taken no appropriate disciplinary action against JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 for the various harms they caused to Plaintiff.

63. That Defendant SHELTON has taken no appropriate disciplinary action against JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 for the various harms they caused to Plaintiff.

64. That Defendant MEUSSER has taken no appropriate disciplinary action against JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 for the various harms they caused to Plaintiff.

65. That Defendant MANIER has taken no appropriate disciplinary action against JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 for the various harms they caused to Plaintiff.

66. That Defendant ALBRETCH has taken no appropriate disciplinary action against JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 for the various harms they caused to Plaintiff.

67. That as a direct and proximate result of Defendants acts and omissions, Plaintiff suffered severe and disabling injuries, including, but not limited:

    a.   Physical pain and suffering;

    b.   Aggravation of pre-existing conditions and the medical and emotional sequelae thereof;

    c.   Humiliation, mortification, and embarrassment

    d.   Extensive medical treatment and expense, past, present and future;

    e.   Severe pain and suffering past, present and future;

    f.   Mental anguish, emotional distress, embarrassment, humiliation, emotional trauma and the inability to perform the normal functions of life past, present, and future; and

    g.   Economic damages.

## COUNT I – VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 AS TO DEFENDANTS FARMINGTON HIGH SCHOOL, FARMINGTON PUBLIC SCHOOLS, FARMINGTON PUBLIC SCHOOLS BOARD OF EDUCATION, THOMAS SHELTON, CHRISTINE MEUSSNER, JON MANIER AND JASON ALBRECHT

68. Plaintiff incorporates by reference paragraphs 1 through 67 as if fully stated herein.

69. That the due process clause of the 14th Amendment provides that the state may not deprive a person of life, liberty or property without due process of law.

70. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL recklessly exposed Plaintiff to dangerous predators, including Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3, knowing they could cause serious damage by assaulting and battering Plaintiff, harassing, intimidating and bullying Plaintiff, creating and disseminating sexually explicit and obscene material/content involving Plaintiff, and also by violating Plaintiff's rights to privacy.

71. That Plaintiff as a younger student was a foreseeable victim.

72. That the harms and invasion of Plaintiff's privacy were foreseeable.

73. That the decisions and actions to deprive Plaintiff of a safe school environment constitute affirmative acts that caused and/or increased the risk of harm, as well as physical and emotional injury, to Plaintiff.

74. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL acted in willful disregard for the safety of Plaintiff.

75. That Defendants SHELTON, MEUSSER, MANIER and ALBRETCH acted in willful disregard for the safety of Plaintiff.

76. That Plaintiff should be awarded all such forms of damages in this case for Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER,

9



MANIER and ALBRETCH'S conduct that caused great damage, humiliation, and embarrassment to Plaintiff.

77. **WHEREFORE**, for all the above reasons, Plaintiff demands judgment against Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH in an amount which is fair and reasonable, plus costs, interest, and attorney fees.

### COUNT II – FAILURE TO TRAIN AND SUPERVISE UNDER 42 U.S.C. §1983 AS TO DEFENDANTS FARMINGTON HIGH SCHOOL, FARMINGTON PUBLIC SCHOOLS AND FARMINGTON PUBLIC SCHOOLS BOARD OF EDUCATION

78. Plaintiff incorporates by reference paragraphs 1 through 76 as if fully stated herein.

79. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL had the ultimate responsibility and authority to train and supervise their employees, agents, and/or representatives, including Defendants SHELTON, MEUSSNER, MANIER and ALBRECHT, and all faculty and staff regarding their duties toward students.

80. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL failed to train and supervise their employees, agents, and/or representatives including all faculty and staff, regarding the following duties:

    a.  Perceive, understand, report and prevent bullying on school grounds;

    b.  Perceive, understand, report and prevent assault and battery on school grounds;

    c.  Perceive, understand, report and prevent harassment on school grounds;

    d.  Perceive, understand, report and prevent the creation and dissemination sexually explicit and obscene material/content on school grounds;

    e.  Provide diligent supervision to and over students and student athletes and other individuals;

    f.  Thoroughly investigate incidents such as the one at issue in this matter;



g. Ensure the safety of all students, faculty, staff, and visitors on school grounds;

h. Provide a safe environment for all students, faculty, staff, and visitors on school grounds free from bullying, harassment, assault and battery, and the creation and dissemination sexually explicit and obscene material/content; and

i. Properly train faculty and staff to be aware of their individual responsibility for creating and maintaining a safe environment.

81. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL failed to adequately train employees, teachers, coaches, trainers, medical staff, and others regarding the aforementioned duties which led to violations of Plaintiff's rights.

82. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL'S failure to adequately train was the result of Defendants' deliberate indifference toward the well-being of students, student athletes and others.

83. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL'S failure to adequately train is closely related to or actually caused Plaintiff's injuries.

84. That as a result, Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL deprived Plaintiff of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

85. That Plaintiff should be awarded all such forms of damages in this case for Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL'S conduct that caused great damage, humiliation, and embarrassment to Plaintiff.

86. WHEREFORE, for all the above reasons, Plaintiff demands judgment against Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER,

11

MANIER and ALBRETCH in an amount which is fair and reasonable, plus costs, interest, and attorney fees.

### COUNT III – VIOLATION OF MATT EPLING SAFE SCHOOL LAW (MCL §380.1310b) AS TO DEFENDANTS FARMINGTON HIGH SCHOOL, FARMINGTON PUBLIC SCHOOLS, FARMINGTON PUBLIC SCHOOLS BOARD OF EDUCATION, THOMAS SHELTON, CHRISTINE MEUSSNER, JON MANIER AND JASON ALBRECHT

87. Plaintiff incorporates by reference paragraphs 1 through 86 as if fully stated herein.

88. That pursuant to MCL §380.1310b (Matt Epling Safe School Law), Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH are required to promote a safe school climate for its students, including this Plaintiff, by implementing and adhering to anti-bullying policies.

89. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH owed a duty to follow and uphold MCL §380.1310b and otherwise use ordinary care and act reasonable as it pertains to providing a safe school environment for its students, including Plaintiff.

90. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH violated MCL §380.1310b and otherwise failed to use ordinary care to protect their students', including Plaintiff's, safety, health, and welfare.

91. That contrary to the duties owed to Plaintiff, Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH violated the law and were negligent, careless and reckless in several respects, including, without limitation:

      a. Failing to adopt and implement a policy prohibiting bullying at Farmington Hills High School;

12



b. Failing to properly notify Plaintiff's parents or legal guardian of the bullying which forms the basis of this complaint;

c. Failure to properly document the subject incident;

d. Failure to properly report the subject incident, including but not limited to, Defendant BOARD OF EDUCATION;

e. Failure to properly report the consequences and/or referrals stemming from the subject incident, including but not limited to, the Defendant BOARD OF EDUCATION;

f. Failure to sufficiently and promptly investigate the incident at issue following an established procedure that the Defendants submitted to the Michigan Department of Education, and

g. Failure to safeguard the confidentiality of Plaintiff and the bullying he was subject to;

92. That the willful and deliberate acts and omissions of Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH caused harm to Plaintiff in several respects, including, without limitation:

a. Substantially interfered with Plaintiff's educational opportunities, benefits and/or benefits;

b. Adversely affected the ability of Plaintiff to participate in or benefit from the school district's or public school's educational programs and/or activities by placing Plaintiff in reasonable fear of physical harm and by causing substantial emotional distress; and

c. Having an actual and substantial detrimental effect on Plaintiff's physical and mental health

**WHEREFORE**, for all the above reasons, Plaintiff demands judgment against Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH in an amount which is fair and reasonable, plus costs, interest, and attorney fees.

13

## COUNT IV – NEGLIGENT TRAINING AS TO DEFENDANTS FARMINGTON HIGH SCHOOL, FARMINGTON PUBLIC SCHOOLS AND FARMINGTON PUBLIC SCHOOLS BOARD OF EDUCATION

93. Plaintiff incorporates by reference paragraphs 1 through 92 as if fully stated herein.

94. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL had a duty to train its employees, teachers, coaches, trainers, medical staff, and others, which would include Defendants SHELTON, MEUSSER, MANIER and ALBRECHT, in a manner that would not subject the students, including Plaintiff, to being bullied, harassed, assaulted and battered and/or the subject of sexually explicit and obscene material/content.

95. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL failed to consider, study, or enact any policy, procedure, or reasonable standard that would have trained its employees, teachers, coaches, trainers, medical staff, and others, which would include Defendants SHELTON, MEUSSER, MANIER and ALBRECHT, to understand the potential for students and student athletes from being bullied, harassed, assaulted and battered and/or the subject of sexually explicit and obscene material/content.

96. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL failed to consider, study, or enact any policy, procedure, or reasonable standard that would have trained its employees, teachers, coaches, trainers, medical staff, and others, which would include Defendants SHELTON, MEUSSER, MANIER and ALBRECHT, to understand the severe damage it would cause if students and student athletes were subjected to being bullied, harassed, assaulted and battered and/or the subject of sexually explicit and obscene material/content.

97. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL are substantial institutions and Plaintiff reasonably expected their employees, teachers,

coaches, trainers, medical staff, and others, which would include Defendants SHELTON, MEUSSER, MANIER and ALBRECHT, to be trained to care about and safeguard the students and student athletes from physical, mental and emotional harm.

98. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL failed to train their employees, teachers, coaches, trainers, medical staff, and others, which would include Defendants SHELTON, MEUSSER, MANIER and ALBRECHT, and that failure injured Plaintiff.

99. That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL also had an obligation, but failed, to enact and follow a policy to train their employees, teachers, coaches, trainers, medical staff, and others, which would include Defendants SHELTON, MEUSSER, MANIER and ALBRECHT, to protect students such as Plaintiff from the type of harm caused by Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3.

100. That but for these failures by Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL, Plaintiff would not have been injured by way of being bullied, harassed, assaulted and battered, and/or being the subject of sexually explicit and obscene material/content.

101. That Plaintiff has been injured by way of being bullied, harassed, assaulted and battered, and/or being the subject of sexually explicit and obscene material/content.

102. That the failures of Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL were unreasonable.

**WHEREFORE**, for all the above reasons, Plaintiff demands judgment against Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS and HIGH SCHOOL in an amount which is fair and reasonable, plus costs, interest, and attorney fees.



**COUNT V – NEGLIGENT SUPERVISION AS TO DEFENDANTS
FARMINGTON HIGH SCHOOL, FARMINGTON PUBLIC SCHOOLS,
FARMINGTON PUBLIC SCHOOLS BOARD OF EDUCATION, THOMAS
SHELTON, CHRISTINE MEUSSNER, JON MANIER AND JASON ALBRECHT**

103.    Plaintiff incorporates by reference paragraphs 1 through 102 as if fully stated herein.

104.    That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH University had an obligation to supervise its students and student athletes in a manner that would not subject other students, including Plaintiff, to being bullied, harassed, assaulted and battered, and/or being the subject of sexually explicit and obscene material/content.

105.    That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH failed to consider, study, or enact any policy, procedure, or reasonable standard that would have supervised and monitored its students and student athletes, which would include Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3, in order to safeguard other students and student athletes from being bullied, harassed, assaulted and battered and/or the being the subject of sexually explicit and obscene material/content.

106.    That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH failed to consider or enact any measure to ensure students and student athletes, which would include Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3, left unsupervised, would be able to bully, harass, assault and batter other students and/or the create sexually explicit and obscene material/content concerning other students.

16

107.    That Plaintiff understandably did not expect Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH to fail to supervise Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3, and allow them to bully, harass, assault and batter Plaintiff, and/or to create and disseminate sexually explicit and obscene material/content concerning Plaintiff.

108.    That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH failed to supervise students, including Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3, and that failure injured Plaintiff.

109.    That Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH also had an obligation, but failed, to enact and follow a policy to supervise students, which would include Defendants JOHN DOE 1, JOHN DOE 2 and JOPHN DOE 3, to protect students such as Plaintiff from the type of harm caused by Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3.

110.    That but for these failures by Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH, Plaintiff would not have been injured by way of being bullied, harassed, assaulted and battered, and/or being the subject of sexually explicit and obscene material/content.

111.    That Plaintiff has been injured by way of being bullied, harassed, assaulted and battered, and/or being the subject of sexually explicit and obscene material/content.

112.    That the failures of Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH were unreasonable.

**WHEREFORE**, for all the above reasons, Plaintiff demands judgment against Defendants BOARD OF EDUCATION, PUBLIC SCHOOLS, HIGH SCHOOL, BOARD OF EDUCATION,

17

PUBLIC SCHOOLS, HIGH SCHOOL, SHELTON, MEUSSER, MANIER and ALBRETCH in an amount which is fair and reasonable, plus costs, interest, and attorney fees.

## COUNT VI – ASSAULT AND BATTERY AS TO
## DEFENDANTS JOHN DOE 1, JOHN DOE 2 AND JOHN DOE 3

113.    Plaintiff incorporates by reference paragraphs 1 through 112 as if fully stated herein.

114.    That as mentioned above, on September 14, 2021, Plaintiff was lawfully on the premises of Defendant HIGH SCHOOL located at 32000 Shiawassee, City of Farmington, County of Oakland, State of Michigan.

115.    That at that time and place, Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3, made intentional and unlawful threats to do bodily injury to Plaintiff by physically attacking/touching Plaintiff about his body.

116.    That the threat to Plaintiff was made under circumstances that created in him a well-founded fear of imminent peril.

117.    That Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 had the apparent ability to carry out the act if not prevented.

118.    That the act was not prevented, and Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 willfully and intentionally physically attacked/touched Plaintiff about his body.

119.    That Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3's physical attack/touching of Plaintiff was unprovoked.

120.    That as a direct and proximate result of Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3'S assault and battery of Plaintiff, Plaintiff suffered severe and disabling injuries, including, but not limited:

      a.   Physical pain and suffering;



18

b.  Aggravation of pre-existing conditions and the medical and emotional sequelae thereof;

c.  Humiliation, mortification, and embarrassment

d.  Extensive medical treatment and expense, past, present and future;

e.  Severe pain and suffering past, present and future;

f.  Mental anguish, emotional distress, embarrassment, humiliation, emotional trauma and the inability to perform the normal functions of life past, present, and future; and

g.  Economic damages.

**WHEREFORE**, for all the above reasons, Plaintiff demands judgment against Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 in an amount which is fair and reasonable, plus costs, interest, and attorney fees.

## COUNT VII - NEGLIGENCE AS TO DEFENDANTS JOHN DOE 1, JOHN DOE 2 AND JOHN DOE 3

121.  Plaintiff incorporates by reference paragraphs 1 through 12 as if fully stated herein.

122.  That as mentioned above, on September 14, 2021, Plaintiff was lawfully on the premises of Defendant HIGH SCHOOL located at 32000 Shiawassee, City of Farmington, County of Oakland, State of Michigan.

123.  That at that time and place, Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 physically attacked/touched Plaintiff about his body.

124.  That Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 owed a duty to use ordinary care and act as a reasonable person in his interactions with Plaintiff and as it pertains to Plaintiff's physical, mental and emotional well-being.

125.    That Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 failed to use ordinary care in his interactions with Plaintiff and as it pertains to Plaintiff's physical, mental and emotional well-being.

126.    That Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 failed to act as reasonably careful persons in their interactions with Plaintiff and as it pertains to Plaintiff's physical, mental and emotional well-being.

127.    That Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 negligently caused physical, mental and emotional harm to Plaintiff.

128.    That as a direct and proximate result of the negligent acts and/or omissions of Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3, Plaintiff suffered severe and disabling injuries, including, but not limited:

     a.   Physical pain and suffering;

     b.   Aggravation of pre-existing conditions and the medical and emotional sequelae thereof;

     c.   Humiliation, mortification, and embarrassment

     d.   Extensive medical treatment and expense, past, present and future;

     e.   Severe pain and suffering past, present and future;

     f.   Mental anguish, emotional distress, embarrassment, humiliation, emotional trauma and the inability to perform the normal functions of life past, present, and future; and

     g.   Economic damages.



**WHEREFORE**, for all the above reasons, Plaintiff demands judgment against Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 in an amount which is fair and reasonable, plus costs, interest, and attorney fees.

<div style="margin-left:40%">

Respectfully submitted,

DODSON FOWLER WILLIAMS & NESI, PLC

/s/ Nathan A. Dodson
NATHAN A. DODSON (P68560)
Attorney for Plaintiff
18050 Mack Avenue
Grosse Pointe, MI 48230
(313) 458-8276 / Fax: (313) 469-7085
ndodson@dfwnlaw.com

</div>

Dated: October 1, 2025



21